IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILLIP C. LYNCH and JEANNE LYNCH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.: |
| ) | |
| SEAN D. BIELICKE, NEBRASKA NEXT DAY, ) | |
| INC., and DHL EXPRESS (USA), INC. d/b/a ) | |
| DHL EXPRESS, ) | |
| ) | |
| Defendants. ) | |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, Defendant Nebraska Next Day, Inc. ("Nebraska Next Day"), pursuant to 28 U.S.C § 1441, and invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1332, hereby removes this action, *Phillip C. Lynch and Jeanne Lynch v. Sean D. Bielicke, Nebraska Next Day, Inc. and DHL Express (USA), Inc. d/b/a DHL Express*, Case No. 17-L-56, Circuit Court of the Second Judicial Circuit, Franklin County, Illinois, to the United States District Court for the Southern District of Illinois. In support, Nebraska Next Day states as follows:

### Background Facts

1. On August 4, 2017, Plaintiffs Phillip C. Lynch and Jeanne Lynch filed a civil action against Sean D. Bielicke, Nebraska Next Day, Inc. and DHL Express (USA), Inc. d/b/a DHL Express in the Second Judicial Circuit, Franklin County, Illinois. A copy of the Complaint is attached hereto as Exhibit A.

2. Nebraska Next Day, Inc. was served with a copy of the Summons and Plaintiffs' Complaint on or about October 5, 2017. A copy of the Summons is attached hereto as Exhibit B.

3. On October 6, 2017, Defendant DHL Express (USA), Inc. d/b/a DHL Express

-2-

(hereinafter "DHL Express") filed an Answer and Affirmative Defenses with the Circuit Court of the Second Judicial Circuit, Franklin County, Illinois.  A copy of the Answer and Affirmative Defenses is attached hereto as Exhibit C.

4. DHL Express consents to removal of this action.  A copy of DHL Express' Consent to Removal filed herein is attached as Exhibit D.

5. Upon information and belief, and a review of the electronic docket entry on the Judici case system, Defendant Sean D. Bielicke has not been served as of the date of this filing.

### Jurisdiction and Basis for Removal

6. This Notice of Removal is being filed within thirty (30) days after service of a copy of the original Complaint, and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).  The time for Nebraska Next Day to answer, move, or otherwise plead with respect to Plaintiffs' Complaint has not yet expired.

7. This Court has jurisdiction over this matter under 28 U.S.C. §1332, in that there is absolute diversity amongst the parties – neither of the plaintiffs are a citizen of the same state as any of the defendants – and the amount in controversy exceeds $75,000.00.

**I.   There is absolute Diversity of Citizenship Among the Parties**.

8. As stated in the Complaint, Plaintiffs are citizens of the State of Illinois, residing in Franklin County, Illinois.

9. Nebraska Next Day is a Colorado corporation with its principal place of business in Grand Junction, Colorado.

10. DHL Express is a Delaware corporation with its principal place of business in Plantation, Florida.

11.  Upon information and belief, Sean D. Bielicke is a citizen of the State of Missouri.

12.  As such, there is complete diversity between Plaintiffs and all Defendants.

## II. The Amount in Controversy is in Excess of $75,000.00

13.  To have jurisdiction of under 28 U.S.C. §1332, the amount in controversy must be in excess of $75,000.00, exclusive of interest and costs.

14.  The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the amount in controversy requirements of diversity jurisdiction have been met. *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (internal citations omitted). This burden is met by supporting the allegations of jurisdiction with competent proof. *Id*. Reasonable proof is defined in the 7th Circuit as evidence which proves to a reasonably probability that jurisdiction exists. *Id*. (citing *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993)).

15.  Generally, the amount in controversy can be determined from the complaint, but where there is no controlling *ad damnum* clause, the defendant must show by a preponderance of the evidence that the stakes are at least $75,000.00. *Andrews v. E .E. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (internal citations omitted). General knowledge of the claims made and the type of injuries alleged can be sufficient to establish this standard. *Id*.

16.  Additionally, the U.S. Supreme Court has held that a claim will only fail to meet the requisite jurisdictional threshold when it appears, to a legal certainty, that the claim is really for less than the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

17.  Plaintiffs' Complaint states claims in excess of $50,000.00, but fails to state an

exact amount of damages sustained by Plaintiffs.

18.     In Counts I through III of the Complaint, Plaintiff Phillip C. Lynch alleges that he suffered personal injury as a result of the incident at issue, including past and future medial care, pain and suffering, and a decrease in earning capacity.  Counts IV through VI are brought by Plaintiff Jeanne Lynch and attempt to allege causes of action for loss of consortium.

19.     Further, upon information and belief, Plaintiff Phillip C. Lynch was treated for complaints of back pain following the occurrence, including undergoing CT scans.

20.     The nature and extent of the injuries and damages alleged in Plaintiffs' Complaint, as well as information learned during the investigation following the occurrence at issue, satisfies the Defendant's burden that the amount in controversy is in excess of the jurisdictional requisite of $75,000.00.

## Other Requirements

21.     Removal to the United States District Court for the Southern District of Illinois is proper under 28 U.S.C. § 1441(a) because the Complaint was filed in the Second Judicial Circuit, Franklin County, Illinois, which is located within the territorial jurisdiction of this District Court.

22.     True and correct copies of all process, pleadings and orders served upon Nebraska Next Day are being filed contemporaneously with this Notice of Removal.  *See* Exhibit E.

23.     Written notice hereof is being provided to Plaintiffs and a copy of this Notice of Removal is being filed contemporaneously with the Circuit Court of Franklin County, Illinois, in accordance with 28 U.S.C. § 1446(d).  A copy of the Notice to State Court of Filing of Notice of Removal sent to the Circuit Court of Franklin County, Illinois, for filing is attached hereto as Exhibit F.

WHEREFORE, Defendant Nebraska Next Day, Inc. respectfully requests that this action be removed as set forth above.

## Demand for Jury Trial

Nebraska Next Day, Inc. hereby demands a trial jury on all counts of the above-entitled action.

Dated: October 23, 2017

    Respectfully submitted,

    WILLIAMS VENKER & SANDERS LLC

    By   /s/*Robert J. Bassett*
        Robert J. Bassett #6192950
        Jennifer L. Maloney #6282750
        100 North Broadway, 21st Floor
        St. Louis, Missouri 63102
        (314) 345-5000
        (314) 345-5055 (FAX)
        rbassett@wvslaw.com
        jmaloney@wvslaw.com

    **ATTORNEYS FOR DEFENDANT**
    **NEBRASKA NEXT DAY, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 23, 2017, the foregoing document was filed via the Court's CM/ECF system, and also sent via U.S. mail to counsel for the Plaintiffs:

John Womick
Womick Law Firm, CHTD.
501 Rushings Drive
P.O. Box 1187
Herrin, IL 62948
jwomick@womicklawfirm.com

       /s/*Robert J. Bassett*