UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILLIP C. LYNCH and JEANNE LYNCH, <br><br> Plaintiffs, <br><br> v. <br><br> SEAN D. BIELICKE, NEBRASKA NEXT DAY, INC. and DHL EXPRESS (USA), INC., <br><br> Defendant. | Case No. 17-cv-1142-JPG-RJD |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion for summary judgment filed by plaintiffs Phillip C. Lynch ("Lynch") and Jeanne Lynch (Doc.30). Defendants Sean D. Bielicke, Nebraska Next Day, Inc., and DHL Express (USA), Inc. have responded to the motion (Doc. 33).

## **I.   Summary Judgment Standard**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). If the moving party bears the burden of persuasion on an issue at trial, it must "lay out the elements of the claim, cite the facts which it believes satisfies these

elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015); *accord Felix v. Wisc. Dep't of Transp.*, 828 F.3d 560, 570 (7th Cir. 2016).

**II.     Facts**

Viewing all the evidence and drawing all reasonable inferences therefrom in favor of the defendants, the evidence establishes the following relevant facts for the purpose of summary judgment.[1]

On July 17, 2017, Lynch was traveling east on Illinois State Route 14 in or near West City, Illinois. He was slowing down and had his right turn signal on. Bielicke was sitting at a stop sign heading northbound on Eakin Grove Road at the intersection with Route 14 waiting to turn left onto Route 14 to go westbound. Bielicke saw Lynch approach from the west, slow down with his right turn signal on, and swerve to the left as if he was going to swing wide to make a right turn. From those indications, Bielicke inferred that Lynch was going to turn right onto Eakin Grove Road. Bielicke decided to go ahead and make his left turn to vacate the intersection and give Lynch the open space he needed to make his right turn. Instead, in the middle of the intersection, Bielicke collided with Lynch, who did not, in fact, turn right onto Eakin Grove Road.

Bielicke received a citation for "Failure to Yield – Turn Left" in violation of 625 ILCS

---

[1] The plaintiffs have cited the deposition transcripts of defendant Bielicke and plaintiff Lynch without pointing the Court to the relevant portions of those depositions. It is not the Court's function to "scour the record" in search of evidence in favor of or in opposition to a motion for summary judgment. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). The Court considers the deposition transcripts only to the extent they have been cited with particularity by a party.

2

5/11-902 ("The driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute an immediate hazard. . . ."). Bielicke pled guilty to and paid the ticket because he was told he was at fault.

Lynch and his wife Jeanne sued the defendants in state court seeking to hold Bielicke directly liable for negligence and to hold the two other defendants vicariously liable for Bielicke's negligence. The defendants removed the case to federal court. Prior to the close of discovery, the plaintiffs filed the pending motion seeking summary judgment on the issue of liability on the grounds that Bielicke's guilty plea to the traffic violation conclusively establishes his negligence. In response, the defendants argue that, while the guilty plea is admissible, it is not conclusive evidence of negligence. They further argue that the summary judgment motion is procedurally defective because it was filed before discovery closed and because it has no supporting brief or citation to any relevant legal authority.

**III.  Analysis**

    A.    <u>Procedural Arguments</u>

The plaintiffs' summary judgment motion is not subject to denial because it is premature. Federal Rule of Civil Procedure 56(b) provides, "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." In this case, the Court did not set a different time. It set a *deadline* for dispositive motions—that is, an end-date for the dipositive motion period—but it did not set a limit for how early such motions could be filed (Doc. 22-1). Accordingly, the plaintiffs' motion was not premature.

As for the adequacy of the support for the plaintiffs' motion, it is indeed lacking. Their

3

motion, which totals not quite a page excluding the caption and signature block, cites no caselaw whatsoever and only generally points to Federal Rule of Civil Procedure 56 regarding summary judgment. Furthermore, it cites as evidence two deposition transcripts without pointing to the relevant parts of the transcripts. Had this Court not decided to deny summary judgment on the merits, as explained below, it would find the plaintiffs have waived their argument in this motion by failing to adequately develop and support it. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (arguments that are "underdeveloped, conclusory, or unsupported by law" are waived).

      B.      <u>Substantive Arguments</u>

The plaintiffs are not entitled to summary judgment on the issue of liability because Bielicke's guilty plea to the traffic citation does not establish as a matter of law that he was negligent and 100% at fault for the accident. "The record of a guilty plea is admissible in a subsequent civil action against defendant in the civil case as a judicial admission subject to explanation and contradictions and may be received, weighed, and considered by the jury in connection with all of the other evidence in the case." *Barnes v. Croston*, 247 N.E.2d 1, 3 (Ill. App. Ct. 1969); *see also* Illinois Pattern Jury Instruction 60.01 ("If you decide that [a party] . . . violated the [statute] . . . on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether and to what extent, if any, [a party] . . . [was] . . . negligent before and at the time of the occurrence."). That is because, while violation of a statute may be *prima facie* evidence of negligence, it does not constitute negligence *per se*. *Kalata v. Anheuser-Busch Cos., Inc.*, 581 N.E.2d 656, 661 (Ill. 1991). Even if he violated a statute, a defendant may still show that his violation did not cause the plaintiff's injuries or that he acted reasonably under the circumstances. *Id.*

4

That may be the case here. Bielecki may conceivably be able to show that a reasonable person, seeing what he saw at the time and intending to allow Lynch enough room to make a wide turn, would have acted as he did. Or he may be able to show, at a minimum, that Lynch contributed to his own injuries by his own driving practices so that any liability Bielicke may have would be disallowed or reduced. In any case, the plaintiffs have not established that they are entitled to a judgment on the question of liability as a matter of law.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the plaintiffs' motion for summary judgment (Doc. 30).

**IT IS SO ORDERED.**
**DATED: April 16, 2019**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**